IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Michael Estilette and, | ) | Chapter 13 |
| Sandy D. Estilette, | ) | |
| Debtors. | ) | Case No. 18-11692 |
| | ) | |

## DEBTORS' RESPONSE TO

## TRUSTEE'S MOTION TO INCREASE PAYMENTS OR, IN THE ALTERNATIVE,

## TO DISMISS AND REQUEST FOR HEARING

### STATEMENT OF FACTS

The Debtors filed their petition for relief under chapter 7 on November 30, 2018. On January 17, 2019, Debtors moved to convert the case to a case under chapter 13 and filed a plan proposing plan payments of $1,464 monthly for an applicable commitment period of sixty months.

The Trustee filed Objection to Confirmation of the proposed plan on March 5, 2019 solely because Debtors failed to check a box on the Local Model Plan Form (Paragraph 7).

Debtors filed an amended plan, the box was checked, and the plan, as amended, was ultimately confirmed on April 29, 2019, with plan payments in the sum of $1,480 monthly for a period of exactly sixty months.

On July 3, 2019, the Trustee filed her present Motion demanding the confirmed plan payments be increased already, contending that: . . .

> 2. This case must be increased from $1,480.00 to $1,530.00 per month, beginning August 1, 2019, in order to comply with the terms of the confirmed plan.

The Debtors never missed a plan payment.

Upon information and belief, Trustee contends that the Debtors first plan payment was due to be paid no later than December 28, 2018, a

time when the Debtors were still in a chapter 7 case. On December 28th, there was no plan of reorganization, proposed or otherwise.

Debtors contend they were not required to commence making plan payments until no later than February 17, 2019, or thirty days from conversion to 13, and when their original plan was filed.

## STATEMENT OF AUTHORITIES

**Section 1326(a)(1) of the Code Effectively Requires Plan Payments to Commence Within 30 Days after the Petition or Conversion to Chapter 13.**

The Debtors in this case are above-median income debtors. Accordingly, Debtors must make payments for no more than five years and no less than five years or, in short, for exactly five years. *In re Humes*, 557, 559 B.R. 557 (Bankr.Colo.2018). Although the Code is clear on the required or permitted length of the plan, it is less than clear as to when the plan's term begins and ends.

Unfortunately, Code does not simply say that a plan's term begins on the petition date. As a consequence, courts do not agree on the starting date for the applicable commitment period. See Christensen v. Black (In re Black), 292 B.R. 693, 701 (10th Cir. BAP 2003)(describing split of authority but declining to decide the issue).

Pursuant to Section 1326, a debtor must commence making payments under the plan "not later than 30 days after the date of filing of the plan or the order for relief, whichever is earlier." 11 U.S.C. s1326(a)(1).

Before BAPCPA, Section 1326(a required a debtor to commence payments within thirty days of filing the plan. The more recent change in language to

include the "whichever is earlier" phrase appears to be still another instance of BAPCPA bad draftsmanship. See Keith M. Lundin & William H. Brown, *Chapter 13 Bankruptcy*, s401.1[2](4th ed. 2007)(describing the new language as "nonsense" because a chapter 13 debtor would never file a plan prior to the petition date.

Likewise a debtor would never file a plan prior to conversion to chapter 13.

Collier's treatise therefore concludes that "this amendment effectively requires payments to commence within 30 days after the petition or conversion to chapter 13." See *8 Collier on Bankruptcy*, Para 1326.02[1](Richard Levin & Henry J. Sommer eds., 16th ed. 2017).

*How to Make Sense out of Nonsense:*

Section 1326(a)(1) presumes that the case was filed under Chapter 13 to start with as it says payments commence from the date of filing the plan or the order of relief, *whichever is earlier*. If filed under Chapter 7, what payment would start after 30 days of filing Chapter 7?

The only way to give meaning to all words and phrases in the section, without rendering any part of it moot, is if Section 1326 only applies to cases filed under Chapter 13. Then payments start after 30 days of filing, regardless of when the plan is filed.

When converted to Chapter 13, the only way to give 1326 meaning is to say that, for purposes of payments under 1326, the date of conversion is the effective date of filing (for this limited purpose).

**In Any Event, Bankruptcy Courts Have Discretion to Allow a Grace Period for Payments Made After the Expiration of the Plan.**

Whatever the start date for the applicable commitment period, it is clear that courts are not *required* to dismiss a case under Section 1307(c) if a debtor has not timely completed all of the plan payments at the end of the period. *In re Klaas*, 858 F.3d 820, 829 (3d Cir. 2017). There is no "drop dead" clause in Section 1325(b).

The Code unambiguously gives bankruptcy courts discretion to allow debtors to cure any default after the end of the five-year period. *Touroo v. Terry (In re Terry)*, Case No. 18-13365 (E.D.Mich. June 25, 2019).

### The Binding Effect of Debtors' Plan Extends to All Issues That Were or Could Have Been Determined Prior to Confirmation, Including the Issue of the Start Date of the First Plan Payment.

Under Section 1327 of the Code, the binding effect of a debtor's plan extends to all issues that were or could have been determined prior to confirmation. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 130 S.Ct. 1367, 176 L.Ed.2d 158 (2010).

The Trustee had actual notice of the filing of Debtors' plan, its contents, the applicable commitment period, and the minimum payments required to complete the plan with the applicable commitment period.

Whether or not the Debtor's plan payments must be increased to $1,530 monthly is an issue that could have been determined prior to confirmation.

### The Trustee's Motion to Increase Plan Payments After Confirmation Amounts to a Motion to Modify Plan under Section 1329. As Such, Trustee Is Required to Show a Substantial Change in Financial Circumstances Since Confirmation.

The modification of a confirmed Chapter 13 plan is governed by Section 1329 of the Bankruptcy Code.

Under Section 1329(a)(1), a chapter 13 trustee may ask for an increase

in payments under a confirmed chapter 13 plan if the debtor's income increased after confirmation. *In re Prieto*, 2010 WL 3959610, at 2 (Bankr.M.D.Fla.); *In re Midgley*, 413 B.R. 820 (Bankr.D.Or.2009.

For payments to increase under Section 1329, the trustee generally must show that the debtor's financial circumstances unexpectedly improved after confirmation. "The party seeking modification must show a substantial, unanticipated change in circumstances." *In re Hernandez*, 2015 WL 393410, at 3 (Bankr.M.D.Fla.)(citing *In re Savailonis*, 2014 WL 33611986, at 2 (Bankr.M.D.Fla.).

The requirement of a showing of a substantial and unexpectedly change in the debtor's circumstances is necessitated by the doctrine of res judicata. *In re Evans*, 2015 WL 77722, at 3 (Bankr.E.D.N.C.)(citing *In re Murphy*, 474 F.3d 143, 150 (4th Cir. 2007)). See also, *In re Hernandez*, 2015 WL 393410, at 3; and 11 U.S.C. s1327(a)(The provisions of a confirmed plan bind the debtor and each creditor, whether or not the creditor objected to the plan.).

This Court recently also held that an unanticipated, substantial change in financial circumstances is a prerequisite to post-confirmation modification of a plan. *In re Damron*, Case No. 17-10967, (Bankr.S.D.Ga. March 18, 2019)("This Court continues to conclude a change in circumstances is required and has not occurred in this case.").

Essentially what the Trustee seeks in this case is a modification of the confirmed plan to increase the Debtors' monthly payments from $1,480.00 to $1,530.00.

The Debtors' plan was confirmed only three months ago. The Debtors have not experienced any substantial and unanticipated improvement in their financial circumstances in the meantime. Their incomes are not the same. Nothing has changed.

Generally, a party seeking to adjust a debtor's confirmed plan payments under Section 1329(a) of the Bankruptcy Code must show that the debtor experienced a substantial and unanticipated change in his financial

circumstances after confirmation of the plan. *In Doherty*, Case No. 3:12-bk-1929-PMG (Bankr.M.D.Fla.2015).

WHEREFORE, the relief sought in the Trustee's Motion to Increase et al. should be denied.

Dated: July 15, 2019

/s/Lee Ringler

---

LEE RINGLER
Attorney for Debtors
Georgia Bar No. 606350
Suite 200, 808 Greene Street
Augusta, GA 30901
Telephone: (706) 724-4000
Email: lringler@leeringler.com

CERTIFICATE OF SERVICE

I, Lee Ringler, counsel for the Debtor, do hereby certify that I have served a copy of the above and foregoing Debtor's Response to Trustee's Motion to Increase Payments, upon the Trustee in this case, by mailing a true and correct copy thereof, with proper postage affixed, to her at Post Office Box 2127, Augusta, GA 30903

This July 15, 2019

/s/Lee Ringler

---

LEE RINGLER