## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| MICHAEL ESTILETTE and ) | CHAPTER 13 |
| SANDY D. ESTILETTE, ) | Case No. 18-11692-SDBR |
| ) | |
| Debtors. ) | |
| ) | |

### TRUSTEE'S BRIEF IN SUPPORT OF
### MOTION TO INCREASE PAYMENTS OR DISMISS

Comes now, Huon Le, Chapter 13 Trustee, by and through her attorney of record, and files this brief in response to the Debtors' objection (ECF No. 51) to the Trustee's Motion to Increase Payments or Dismiss ("Trustee Motion") (ECF No. 50).

### STATEMENT OF FACTS

1. On November 30, 2018, Debtors filed a chapter 7 petition.

2. On January 17, 2019, Debtors filed a motion to convert the case to one under chapter 13 and on January 23, 2019, an order was entered converting the case.

3. On January 17, 2019, Debtors' filed their first Chapter 13 Plan and Motion ("Plan") (ECF No. 20). The Plan provided for payments of $1,464.00 for a period of sixty months or total payments of $87,840.00 during the required 60-month commitment period.

4. On March 7, 2019, Debtors' second amended plan ("Amended Plan') (ECF No. 35) was filed. The Amended Plan did not change the amount or length of plan payments.

5. At the confirmation hearing on April 29, 2019, Debtors agreed to increase their plan payments to $1,480.00 to cure the delinquency in plan payments through that date. The Trustee's Motion to Confirm Plan As Amended (ECF No. 43) was filed on April 30, 2019, reflecting the agreed increase in plan payments.

6. On May 2, 2019, an Order Confirming Plan ("Confirmation Order") (ECF No. 46) was entered. The Confirmation Order provides in relevant part:

> 1) The plan is confirmed. Payments are hereby approved for a period not to exceed five years.
>
> 2) Debtor(s) shall pay $1,480.00 monthly to the Chapter 13 Trustee Huon Le – August, P. O. Box 102173, Atlanta, GA 30368-2173. The Trustee shall disburse the money subject to the Trustee's bond.

7. The Confirmation Order is the form order entered confirming chapter 13 cases in this District regardless of whether the case was originally filed as a chapter 13 or chapter 7.

## PROCEDURAL POSTURE

On August 26, 2019, the Court held a hearing on the Trustee's Motion and provided the Trustee a ten-day period to file a brief in response to the Debtors' objection to the Trustee's Motion.

After the hearing, Trustee's counsel discovered that the calculation of the required payment increase to $1,480.00 at confirmation was based on an incorrect total pay in amount that was less than the required total pay in of $87,840.00 stated above ($1,464.00 x 60). This error was discovered when the feasibility audit was done shortly after confirmation and the Trustee's Motion was filed.

## ISSUES PRESENTED

Whether the Confirmation Order providing for a sixty-month payment period and payments of $1,480.00 indicates that the payment period in this case runs from the petition date of November 30, 2019, or from the date of conversion, January 23, 2019.

## LAW AND ANALYSIS

**I.  11 U.S.C. § 1326(a).**

11 U.S.C. § 1326(a)(1) provides that "[u]nless the court orders otherwise, the debtor shall commence making payments not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier . . . ." Under § 301(b), in a voluntary case, the filing of the petition constitutes an order for relief.

Further, § 348(a) provides that conversion of a case from a chapter 7 to a chapter 13 constitutes an order for relief.  However, § 348(a) specifically states that conversion "does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief," except in two circumstances, neither of which changes the date of the order for relief for purposes of § 1326(a). "Under these provisions, then, the date of the order for relief in a converted case for purposes of the commencement of payments under § 1326(a) remains the date on which the bankruptcy case was commenced." Chapter 13 Practice & Procedure § 14:7. Obviously, as Debtors' counsel has pointed out, it is not possible for Debtors to make timely plan payments in a chapter 13 case before the case is even converted.  The solution, however, is for the Debtors to request at the time of conversion, that the court order a different date for the commencement of payments under § 1326(a)(1) as permitted by that section.  Chapter 13 Practice & Procedure § 14:7. Otherwise, the Trustee has no authority to move the payment commencement date.  Debtors did not request the Court change the date they were to start making their plan payments.

**II.  Confirmation Order.**

The Debtors argue that the Confirmation Order has a res judicata effect of setting the beginning date of the sixty-month payment period as the date of conversion based on the payments being set at $1,480.00 in the Confirmation Order.  Under the interpretation urged by

3

Debtors', the increase in plan payments to $1,480.00 for a sixty-month period would result in an increased required pay in amount to $88,800.00 instead of $87,840.00.

However, with respect to the payment period, the Confirmation Order states only that "[p]ayments are hereby approved for a period not to exceed five years." It does not state when the five-year period begins and thus, cannot affect the payment commencement period set out in § 1326(a)(1) as the earlier of the date of the filing of the plan or the order for relief. In this case, Debtors did not request a specified date for payments to commence in their motion to convert. Thus, the Bankruptcy Code controls that date.

Finally, although the Trustee miscalculated the required increase at confirmation to cover the delinquency, the error does not change the total payments required by the confirmed Amended Plan. Simply put, by the terms of their own Amended Plan, the Debtors are required to pay in a total $87,840.00 ($1,464.00 x 60) and the sixty-month period began thirty days from their original petition date of November 30, 2018.

## CONCLUSION

The Trustee requests the Court grant her motion to increase payments in this case.

Respectfully submitted this 5th day of September, 2019.

_____
Jane E. Miller, GA Bar No. 256304
Counsel for Chapter 13 Trustee Huon Le
570 James Brown Blvd.
Augusta, GA 30901
(706) 220-1410
JaneEMiller@chp13aug.org

4

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| In the Matter of: | ) | Chapter 13 |
| | ) | Case No: 18-11692 |
| MICHAEL ESTILETTE and | ) | |
| SANDY D. ESTILETTE | ) | |
| 1918 ELIZABETH DR | ) | |
| AUGUSTA, GA 30906 | ) | |
| | ) | |
| *Debtor* | ) | |

## CERTIFICATE OF SERVICE

This is to certify that a copy of the Trustee's Brief in Support of Motion to Increase Payments or Dismiss has been forwarded electronically or by first-class mail, postage prepaid, to the above-named debtor and the persons listed below, on the 5th day of September 2019.

Lee Ringler
Attorney At Law
808 Greene St Suite 200
Augusta, GA 30901

/s/ Michelle Orzechowski
Office of Chapter 13 Trustee
PO Box 2127
Augusta, GA  30903